IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN HOOGS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| WAFFLE HOUSE, INC. | ) | |
| and MID SOUTH WAFFLES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants Waffle House, Inc. ("WHI") and Mid South Waffles, Inc. ("MSW") and, pursuant to 28 U.S.C. §§ 1441 and 1446, give notice of the removal of this civil action from the Circuit Court for Davidson County, Tennessee, to the United States District Court of the Middle District of Tennessee - Nashville Division, and show the following:

1.

On or about November 28, 2016, Plaintiff Brian Hoogs ("Plaintiff") filed a complaint (the "Complaint") in the Circuit Court of Davidson County, Tennessee, Case No. 16C3101, against Defendants. This action is still pending in state court.

2.

Plaintiff is a citizen of the State of Tennessee. (Complaint, ¶ 1). MSW and WHI are corporations incorporated in Georgia, with their principal place of business at 5986 Financial Drive, Norcross, GA 30071.

1

4818-4709-4334 v1
2907909-000027 12/29/2016

Case 3:16-cv-03315   Document 1   Filed 12/30/16   Page 1 of 6 PageID #: 1

3.

MSW and WHI were served with the Complaint on December 1, 2016, so this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint served on Defendants are attached hereto as **Exhibit A**.  The documents which comprise Exhibit A constitute all process, pleadings, and orders served on or by Defendants in the Civil Action to date.  Defendants have not made an appearance in the state court action as of this date.

4.

This civil action is one in which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants the district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different states."  As provided in 28 U.S.C. § 1332(c)(1), corporations are deemed to be citizens of any state in which they have been incorporated and where their principal places of business are located.  Defendants are citizens of the State of Georgia, their state of incorporation and the state in which they maintain their principal place of business.  Plaintiff is a citizen of Tennessee. Thus, the parties are diverse for jurisdictional purposes.

5.

Further, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.  Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  28 U.S.C.

2

Case 3:16-cv-03315   Document 1   Filed 12/30/16   Page 2 of 6 PageID #: 2

4818-4709-4334 v1
2907909-000027 12/29/2016

§ 1446(c)(2)(B). Here, Plaintiff seeks back pay, presumably from the date of his termination through trial. (Complaint, Prayer for Relief, ¶ 6). At the time of Plaintiff's termination in or around early January 2016, he was earning a target salary of $72,400.00.[1] Assuming trial will not occur for at least another year from the present date, Plaintiff will be seeking approximately two years of back wages, or $144,800.00. Plaintiff is also seeking front pay, and an unidentified amount of compensatory damages for emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, damage to his reputation, emotional distress, undue stress and anxiety, and exacerbation of his medical conditions, as well as punitive damages. (Complaint, ¶ 71; Prayer for Relief, ¶ 7). Accordingly, while Defendants deny that Plaintiff is entitled to any award of damages in any amount whatsoever, the amount in controversy in this action is well above the $75,000 minimum required for diversity jurisdiction.

6.

Additionally, removal is also proper because this Court will have federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. As provided under 28 U.S.C. § 1441(b), the district courts have removal jurisdiction over "[a]ny civil action of which the district courts have original jurisdiction under the Constitution, treaties or laws of the United States." Here, Plaintiff's Complaint states his intent to add causes of action for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, pending administrative exhaustion. Indeed, Plaintiff already explicitly pleads allegations in support of these claims. (Complaint, ¶¶ 7, 35-73). As these claims arise under "laws of the United States,"

---

[1] This target amount consisted of a guaranteed biweekly base salary of $1,019.00 plus bonuses.

this Court will have an additional ground for jurisdiction over this action once these claims become ripe. Further, this Court has supplemental jurisdiction over Plaintiffs' remaining state law claims, because they form part of the same "case or controversy" as required by 28 U.S.C. § 1367(a), and thus removal of the entire action is proper.[2]

7.

Contemporaneous to this filing, Defendants have sent written notice to Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court for Davidson County, Tennessee. Defendants attach a copy of the Notice of Filing of Notice of Removal, without exhibits, as **Exhibit B.**

8.

Davidson County, Tennessee is one of the counties comprising the Middle District of Tennessee - Nashville Division. Since this action was originally filed in the Circuit Court of Davidson County, venue is proper in the Middle District of Tennessee - Nashville Division, in accordance with 28 U.S.C. § 1441(a).

9.

Defendants have provided written notice to Plaintiff of their Notice of Removal pursuant to 28 U.S.C. § 1446(d). A copy of Defendants' Notice of Removal to Plaintiff, without exhibits, is attached as **Exhibit C**.

---

[2] Plaintiff agrees. *See* Complaint, ¶ 7 (indicating his intent to pursue his federal discrimination claims in this case upon administrative exhaustion "as those claims are related to the same case and controversy").

4

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

By: <u>*/s/ Kathryn B. Yeager*</u>
    Kathryn B. Yeager (BPR # 033473)
    Baker, Donelson, Bearman, Caldwell
    & Berkowitz, PC
    211 Commerce Street, Suite 800
    Nashville, Tennessee 37201
    kyeager@bakerdonelson.com

    *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this date I served a copy of the foregoing *Notice of Removal* by first-class mail and e-mail to the following attorneys of record:

Thomas W. Shumate, IV, Esq.
Robert D. Martin, Esq.
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
tom.shumate@meridian.law


Respectfully submitted this 30th day of December, 2016,


*s/Kathryn B. Yeager*
Kathryn B. Yeager, Esq.