# Exhibit A

# Summons and Complaint

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

FILED
2016 NOV 28 PM 3:27
RICHARD R. ROOKER, CLERK
D.C.

[X] First
[ ] Alias
[ ] Pluries

Brian Hoogs

CIVIL ACTION
DOCKET NO. 16 C 3101

_____

_____
                 Plaintiff

**Method of Service:**

[ ] Davidson County Sheriff

**Vs.**

[ ] Out of County Sheriff

Waffle House Inc.

[ ] Secretary of State

Corporation Service Company, Registered Agent

[X] Certified Mail

2908 Poston Ave

[ ] Personal Service

Nashville, TN 37203

[ ] Commissioner of Insurance

                 Defendant

D'w/C

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 11/28/16

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
                Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Thomas W. Shumate, IV; Meridian Law, PLLC |
|---|---|
| | 2002 Richard Jones Road, Suite B-200 |
| | Address |
| | Nashville, TN 37215 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
                  **SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ On the _____ day of

_____, 20 _____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20 _____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if
copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____ D.C.

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

BRIAN HOOGS, )
)
Plaintiff, )
)          Case No. ___16C1301___
vs. )
)          **JURY DEMAND**
WAFFLE HOUSE, INC. )
and MID SOUTH WAFFLES, INC. )
)
Defendant. )

## COMPLAINT

Comes now the Plaintiff, Brian Hoogs, by and through counsel, and states the following causes of action against the Defendants, Mid South Waffles, Inc. and Waffle House, Inc.:

### I.    Parties

1.    Plaintiff, **Brian Hoogs** ("Ms. Hoogs") is a citizen and resident of Davidson County, Tennessee.

2.    Defendant, **Waffle House, Inc.** ("Waffle House"), is a Georgia corporation registered to do business in Tennessee. Waffle House may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

3.    Defendant, **Mid South Waffles, Inc.** ("Mid South Waffles"), is a Georgia corporation registered to do business in Tennessee. Mid South Waffles is a subsidiary of Waffle House and may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

1

## II.    Jurisdiction and Venue

4.    This Court has subject matter jurisdiction over this dispute pursuant to Tenn. Code Ann. § 16-10-113, *et seq.*

5.    This Court has personal jurisdiction over Defendants. *See* Tenn. Code Ann. § 20-2-202.

6.    This Court is the proper venue to hear this dispute. All or substantially all of the events or omissions giving rise to Mr. Hoogs' claims occurred in Davidson County, Tennessee. *See* Tenn. Code Ann. § 20-4-101.

7.    This is an action for declaratory relief, injunctive relief, equitable relief, and damages for unlawful employment practices under the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (included upon administrative exhaustion); Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401; the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon administrative exhaustion); the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103; and Tennessee common law. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission to vindicate rights pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008. Plaintiff incorporates by reference, with the intent to later amend upon receipt of his Notice of Suit Rights, to include federal claims under Title VII and the ADA, as those claims are related to the same case and controversy.

2

### III. Facts

8. From approximately August 2013 to January 14, 2016, Mr. Hoogs was an employee of Mid South Waffles and Waffle House. Prior to December 3, 2015, Mr. Hoogs was a Division Manager.

9. As a Division Manager, Mr. Hoogs was entitled to valuable stock options and benefits.

10. As a Division Manager, Mr. Hoogs was entitled to periodic performance bonuses.

11. Waffle House has more than 500 employees.

12. Mid South Waffles has more than 500 employees.

13. During his time as a Division Manager, Mr. Hoogs' immediate supervisor was Sam Byrd ("Mr. Byrd").

14. Throughout his employment with Mid South Waffles and Waffle House, Mr. Hoogs was an exemplary manager who received no discipline for his performance.

15. Prior to November 23, 2015, Mr. Hoogs witnessed Mr. Byrd make sexually and racially discriminatory statements towards several Waffle House and Mid South Waffles employees. These remarks created a hostile work environment for Mr. Hoogs and other employees.

16. On November 23, 2015, Mr. Hoogs reported Mr. Byrd's sexually and racially discriminatory statements and other matters that created a hostile work environment to Waffle House and Mid South Waffles' Senior Vice President, Joe Rogers ("Mr. Rogers").

3

17. On November 27, 2015, Mr. Hoogs reported additional sexually and racially discriminatory and harassing statements by Mr. Byrd to Mr. Rogers, as well as other matters that created a hostile work environment.

18. Six days later, on December 3, 2015, Mr. Hoogs was demoted from Division Manager to District Manager, resulting in a significant reduction in compensation and benefits.

19. Despite this demotion, Mr. Hoogs continued to perform his job responsibilities exceptionally, receiving no discipline.

20. In December 2015, Mr. Hoogs was demoted again without explanation to Store Manager, resulting in another significant reduction in compensation and benefits.

21. One month after his initial demotion, in January, 2016, Mr. Hoogs' employment was terminated without explanation by Mid South Waffles and Waffle House.

22. Mr. Hoogs' two demotions and subsequent termination were the result of his reporting of Mr. Byrd's sexually and racially discriminatory and harassing remarks.

23. As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## IV.    Claims

### A.    Violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304

24. Mr. Hoogs incorporates by reference paragraphs 1-23 of his Complaint as if restated herein.

25. Mr. Hoogs was an employee of Waffle House and Mid South Waffles.

4

26.     Hostile work environment sexual and racial harassment is prohibited by Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2.

27.     Hostile work environment sexual and racial harassment is prohibited by the Tennessee Human Rights Act. Tenn. Code Ann. § 4-21-401

28.     Mr. Hoogs refused to stay silent about the illegal sexual and racial harassment he witnessed being performed by Mr. Byrd.

29.     Mr. Hoogs twice reported the illegal harassment to Mr. Byrd's supervisor, Mr. Rogers.

30.     Because Mr. Hoogs reported the illegal harassment to Mr. Rogers, his employment was terminated.

31.     Reporting illegal sexual and racial harassment in no way served Mr. Hoogs' interest. He reported the abuse in the interest of protecting the well-being of the employees under his responsibility.

32.     Reporting illegal sexual and racial harassment serves the public interest of Tennessee.

33.     As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

34.     As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

5

**B.     Retaliation in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (included upon exhaustion) and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401**

35.     Mr. Hoogs incorporates by reference paragraphs 1-34 of his Complaint as if restated herein.

36.     Waffle House has more than five hundred (500) employees.

37.     Mid South Waffles has more than five hundred (500) employees.

38.     Mr. Hoogs was qualified for his position.

39.     Mr. Hoogs performed his duties diligently and received no reprimands for his performance during his employment.

40.     Mr. Hoogs engaged in protected activity by complaining about acts in violation of the Tennessee Human Rights Act (and Title VII upon administrative exhaustion), including ongoing racial discrimination and sexual harassment.

41.     In retaliation for Mr. Hoogs' protected activities, he was subjected to immediate hostility, multiple demotions within days of complaining, and his employment was ultimately terminated.

42.     Mr. Hoogs' two demotions and ultimate termination was based entirely on his legally protected reporting of racial and sexual harassment by Mr. Byrd.

43.     Through their actions, Defendants deprived Mr. Hoogs of equal employment opportunities and benefits due to him due to his willingness to oppose such practices.

44.     Defendants' actions in demoting and terminating Mr. Hoogs and causing him to suffer through a hostile work environment were committed with reckless disregard for his right to

6

be free from retaliation because of his opposition to unlawful practices in violation of the Tennessee Human Rights Act (and Title VII upon administrative exhaustion).

45.     Mr. Hoogs filed an unlawful retaliation charge with the Equal Employment Opportunity Commission on September 22, 2016.

46.     As a direct and proximate result of the Defendants' unlawful acts, including Defendants' discriminatory and harassing conduct and its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits. He is entitled to all damages allowable under the Tennessee Human Rights Act, including attorneys' fees.

47.     Mr. Hoogs will amend his Complaint to include claims under Title VII for retaliation upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

C.     **Discrimination in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (included upon exhaustion) and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301 and -401**

48.     Mr. Hoogs incorporates by reference paragraphs 1-47 of his complaint as if restated herein.

49.     Waffle House has more than five hundred (500) employees.

50.     Mid South Waffles has more than five hundred (500) employees.

51.     Mr. Hoogs is an Asian-American.

52.     Mr. Hoogs' was the subject of unwelcome verbal conduct by Mr. Byrd involving Mr. Hoogs' status as an Asian-American.

7

53.    The harassing statements made by Mr. Byrd unreasonably interfered with Mr. Hoogs' work environment and created an intimidating, hostile, and offensive work environment.

54.    Mr. Hoogs provided notice of this conduct to Waffle House and Mid South Waffles through their Vice President, Mr. Rogers.

55.    Waffle House and Mid South Waffles did nothing to address the intimidating, hostile, and offensive work environment in response to Mr. Hoogs' legally protected notice.

56.    Mr. Hoogs filed a racial harassment charge with the Equal Employment Opportunity Commission on September 22, 2016.

57.    As a direct and proximate result of the Defendants' unlawful discrimination on the basis of his race and national origin, as well as its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

58.    Mr. Hoogs will amend his Complaint to include claims under Title VII for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

**D.    Discrimination in Violation of the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon exhaustion) and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103**

59.    Mr. Hoogs incorporates by reference paragraphs 1-58 of his complaint as if restated herein.

60.    Mr. Hoogs is a qualified individual with a disability and/or perceived as an individual with a disability. Mr. Hoogs was hired by Defendants on or around August 2013.

8

61.     Mr. Hoogs was afflicted with health issues, including depression, anxiety, and attention deficit disorder ("ADD"), throughout his employment by Defendants. Mr. Hoogs sought medical treatment for those issues.

62.     Mr. Hoogs made his health conditions and impairments known to Defendants during his employment.

63.     Mr. Hoogs was able to perform the essential functions of his job with or without reasonable accommodation.

64.     Mr. Hoogs requested accommodation from Defendants shortly before his termination.

65.     Defendants refused the requested accommodation and instead further demoted Mr. Hoogs and eventually terminated his employment.

66.     Defendants failed to engage in an interactive process to determine if accommodation could be made without undue burden or hardship.

67.     Defendants discriminated against Mr. Hoogs on the basis of his disability and/or perceived disability.

68.     Defendants terminated Mr. Hoogs' employment as a result of his disability and/or perceived disability.

69.     Defendants' actions against Mr. Hoogs were pretext for discrimination, retaliation, and interference and were against public policy.

70.     Defendants acted willfully and maliciously or with reckless indifference to Mr. Hoogs' rights.

9

71. As a direct and proximate result of Defendants' unlawful acts, Mr. Hoogs has lost income and other benefits of employment; suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, damage to his reputation, emotional distress, undue stress and anxiety, exacerbation of his medical conditions and loss of enjoyment of life; and incurred attorney's fees and expenses.

72. As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

73. Mr. Hoogs will amend his Complaint to include claims under the ADA for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

### V. Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** Mr. Hoogs prays for the following relief:

1. That proper process issue and be served upon Waffle House and Mid South Waffles and that they be required to appear and answer this Complaint within the time required by law;

2. That this case be tried to a jury of six;

3. Enter a judgment in favor of Plaintiff and against Defendants on all counts in this action;

4. That Plaintiff be awarded a declaratory judgment that Defendants violated the aforementioned laws identified in this Complaint;

5. That this Court enter a permanent injunction prohibiting Defendants from engaging in unlawful employment practices;

10

6. That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

7. That the Court award Plaintiff compensatory and punitive damages in an amount to be determined by the trier of fact;

8. That the Court award Plaintiff punitive and liquidated damages;

9. That the Court award Plaintiff his reasonable attorneys' fees, expenses, and costs;

10. That the Court award Plaintiff prejudgment and post-judgment interest;

11. That all costs of this cause be taxed to Defendants; and

12. That the Court award such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

MERIDIAN LAW
P L L C

By: _____
Thomas W. Shumate IV (#019595)
Robert D. Martin (#034338)
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
615-229-7499 (office)
615-229-7498 (fax)
tom.shumate@meridian.law
*Attorneys for Plaintiff Brian Hoogs*

11

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

*FILED*
*2016 NOV 28 PM 3:27*
*RICHARD R. ROOKER, CLERK*
*D.C*

Brian Hoogs

_____

_____
                                    Plaintiff

**Vs.**

Mid South Waffles, Inc.

Corporation Service Company, Registered Agent

2908 Poston Ave

Nashville, TN 37203
                                    Defendant

CIVIL ACTION
DOCKET NO. 16C3101

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☒ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

$D^2 w/C$

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 11/28/16

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County Tennessee

By: _____
                Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Thomas W. Shumate, IV; Meridian Law, PLLC |
|---|---|
| | 2002 Richard Jones Road, Suite B-200 |
| | Address |
| | Nashville, TN 37215 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

[　　　　　　　] served this summons and complaint/petition on _____

_____ in the following manner:

_____

[　　　　　　　] failed to serve this summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ On the _____ day of

_____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20 _____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

_____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON

AUTHORIZED BY STATUTE TO SERVE PROCESS

## NOTICE

TO THE DEFENDANT(S):

   Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest
personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you
must file a written list, under oath, of the items you wish to claim as exempt with the clerk of
the court. The list may be filed at any time and may be changed by you thereafter as necessary;
however, unless it is filed before the judgment becomes final, it will not be effective as to any
execution or garnishment issued prior to the filing of the list. Certain items are automatically
exempt by law and do not need to be listed; these include items of necessary wearing apparel
(clothing) for yourself and your family and trunks or other receptacles necessary to contain such
apparel, family portraits, the family Bible, and school books. Should any of these items be seized,
you would have the right to recover them. If you do not understand your exemption right or how
to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid,
do hereby certify this to be a true and correct copy of the original summons issued
in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____D.C.

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

**BRIAN HOOGS**

    **Plaintiff,**

**vs.**

**WAFFLE HOUSE, INC.**
**and MID SOUTH WAFFLES, INC.**

    **Defendant.**

)
)
)
)
)
)
)
)
)

Case No. ___Lc C1301___

**JURY DEMAND**

## COMPLAINT

Comes now the Plaintiff, Brian Hoogs, by and through counsel, and states the following causes of action against the Defendants, Mid South Waffles, Inc. and Waffle House, Inc.:

### I.     Parties

1.     Plaintiff, **Brian Hoogs** ("Ms. Hoogs") is a citizen and resident of Davidson County, Tennessee.

2.     Defendant, **Waffle House, Inc.** ("Waffle House"), is a Georgia corporation registered to do business in Tennessee. Waffle House may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

3.     Defendant, **Mid South Waffles, Inc.** ("Mid South Waffles"), is a Georgia corporation registered to do business in Tennessee. Mid South Waffles is a subsidiary of Waffle House and may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

1

## II. Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this dispute pursuant to Tenn. Code Ann. § 16-10-113, *et seq.*

5.     This Court has personal jurisdiction over Defendants. *See* Tenn. Code Ann. § 20-2-202.

6.     This Court is the proper venue to hear this dispute.  All or substantially all of the events or omissions giving rise to Mr. Hoogs' claims occurred in Davidson County, Tennessee. *See* Tenn. Code Ann. § 20-4-101.

7.     This is an action for declaratory relief, injunctive relief, equitable relief, and damages for unlawful employment practices under the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (included upon administrative exhaustion); Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401; the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon administrative exhaustion); the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103; and Tennessee common law. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission to vindicate rights pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008. Plaintiff incorporates by reference, with the intent to later amend upon receipt of his Notice of Suit Rights, to include federal claims under Title VII and the ADA, as those claims are related to the same case and controversy.

2

### III. Facts

8. From approximately August 2013 to January 14, 2016, Mr. Hoogs was an employee of Mid South Waffles and Waffle House. Prior to December 3, 2015, Mr. Hoogs was a Division Manager.

9. As a Division Manager, Mr. Hoogs was entitled to valuable stock options and benefits.

10. As a Division Manager, Mr. Hoogs was entitled to periodic performance bonuses.

11. Waffle House has more than 500 employees.

12. Mid South Waffles has more than 500 employees.

13. During his time as a Division Manager, Mr. Hoogs' immediate supervisor was Sam Byrd ("Mr. Byrd").

14. Throughout his employment with Mid South Waffles and Waffle House, Mr. Hoogs was an exemplary manager who received no discipline for his performance.

15. Prior to November 23, 2015, Mr. Hoogs witnessed Mr. Byrd make sexually and racially discriminatory statements towards several Waffle House and Mid South Waffles employees. These remarks created a hostile work environment for Mr. Hoogs and other employees.

16. On November 23, 2015, Mr. Hoogs reported Mr. Byrd's sexually and racially discriminatory statements and other matters that created a hostile work environment to Waffle House and Mid South Waffles' Senior Vice President, Joe Rogers ("Mr. Rogers").

3

17.     On November 27, 2015, Mr. Hoogs reported additional sexually and racially discriminatory and harassing statements by Mr. Byrd to Mr. Rogers, as well as other matters that created a hostile work environment.

18.     Six days later, on December 3, 2015, Mr. Hoogs was demoted from Division Manager to District Manager, resulting in a significant reduction in compensation and benefits.

19.     Despite this demotion, Mr. Hoogs continued to perform his job responsibilities exceptionally, receiving no discipline.

20.     In December 2015, Mr. Hoogs was demoted again without explanation to Store Manager, resulting in another significant reduction in compensation and benefits.

21.     One month after his initial demotion, in January, 2016, Mr. Hoogs' employment was terminated without explanation by Mid South Waffles and Waffle House.

22.     Mr. Hoogs' two demotions and subsequent termination were the result of his reporting of Mr. Byrd's sexually and racially discriminatory and harassing remarks.

23.     As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## IV.     Claims

### A.     Violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304

24.     Mr. Hoogs incorporates by reference paragraphs 1-23 of his Complaint as if restated herein.

25.     Mr. Hoogs was an employee of Waffle House and Mid South Waffles.

4

26. Hostile work environment sexual and racial harassment is prohibited by Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2.

27. Hostile work environment sexual and racial harassment is prohibited by the Tennessee Human Rights Act. Tenn. Code Ann. § 4-21-401

28. Mr. Hoogs refused to stay silent about the illegal sexual and racial harassment he witnessed being performed by Mr. Byrd.

29. Mr. Hoogs twice reported the illegal harassment to Mr. Byrd's supervisor, Mr. Rogers.

30. Because Mr. Hoogs reported the illegal harassment to Mr. Rogers, his employment was terminated.

31. Reporting illegal sexual and racial harassment in no way served Mr. Hoogs' interest. He reported the abuse in the interest of protecting the well-being of the employees under his responsibility.

32. Reporting illegal sexual and racial harassment serves the public interest of Tennessee.

33. As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

34. As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

5

**B.     Retaliation in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (included upon exhaustion) and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401**

35.     Mr. Hoogs incorporates by reference paragraphs 1-34 of his Complaint as if restated herein.

36.     Waffle House has more than five hundred (500) employees.

37.     Mid South Waffles has more than five hundred (500) employees.

38.     Mr. Hoogs was qualified for his position.

39.     Mr. Hoogs performed his duties diligently and received no reprimands for his performance during his employment.

40.     Mr. Hoogs engaged in protected activity by complaining about acts in violation of the Tennessee Human Rights Act (and Title VII upon administrative exhaustion), including ongoing racial discrimination and sexual harassment.

41.     In retaliation for Mr. Hoogs' protected activities, he was subjected to immediate hostility, multiple demotions within days of complaining, and his employment was ultimately terminated.

42.     Mr. Hoogs' two demotions and ultimate termination was based entirely on his legally protected reporting of racial and sexual harassment by Mr. Byrd.

43.     Through their actions, Defendants deprived Mr. Hoogs of equal employment opportunities and benefits due to him due to his willingness to oppose such practices.

44.     Defendants' actions in demoting and terminating Mr. Hoogs and causing him to suffer through a hostile work environment were committed with reckless disregard for his right to

6

be free from retaliation because of his opposition to unlawful practices in violation of the Tennessee Human Rights Act (and Title VII upon administrative exhaustion).

45.     Mr. Hoogs filed an unlawful retaliation charge with the Equal Employment Opportunity Commission on September 22, 2016.

46.     As a direct and proximate result of the Defendants' unlawful acts, including Defendants' discriminatory and harassing conduct and its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits. He is entitled to all damages allowable under the Tennessee Human Rights Act, including attorneys' fees.

47.     Mr. Hoogs will amend his Complaint to include claims under Title VII for retaliation upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

**C.      Discrimination in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (included upon exhaustion) and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301 and -401**

48.     Mr. Hoogs incorporates by reference paragraphs 1-47 of his complaint as if restated herein.

49.     Waffle House has more than five hundred (500) employees.

50.     Mid South Waffles has more than five hundred (500) employees.

51.     Mr. Hoogs is an Asian-American.

52.     Mr. Hoogs' was the subject of unwelcome verbal conduct by Mr. Byrd involving Mr. Hoogs' status as an Asian-American.

7

53. The harassing statements made by Mr. Byrd unreasonably interfered with Mr. Hoogs' work environment and created an intimidating, hostile, and offensive work environment.

54. Mr. Hoogs provided notice of this conduct to Waffle House and Mid South Waffles through their Vice President, Mr. Rogers.

55. Waffle House and Mid South Waffles did nothing to address the intimidating, hostile, and offensive work environment in response to Mr. Hoogs' legally protected notice.

56. Mr. Hoogs filed a racial harassment charge with the Equal Employment Opportunity Commission on September 22, 2016.

57. As a direct and proximate result of the Defendants' unlawful discrimination on the basis of his race and national origin, as well as its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

58. Mr. Hoogs will amend his Complaint to include claims under Title VII for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

**D. Discrimination in Violation of the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon exhaustion) and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103**

59. Mr. Hoogs incorporates by reference paragraphs 1-58 of his complaint as if restated herein.

60. Mr. Hoogs is a qualified individual with a disability and/or perceived as an individual with a disability. Mr. Hoogs was hired by Defendants on or around August 2013.

8

61.     Mr. Hoogs was afflicted with health issues, including depression, anxiety, and attention deficit disorder ("ADD"), throughout his employment by Defendants. Mr. Hoogs sought medical treatment for those issues.

62.     Mr. Hoogs made his health conditions and impairments known to Defendants during his employment.

63.     Mr. Hoogs was able to perform the essential functions of his job with or without reasonable accommodation.

64.     Mr. Hoogs requested accommodation from Defendants shortly before his termination.

65.     Defendants refused the requested accommodation and instead further demoted Mr. Hoogs and eventually terminated his employment.

66.     Defendants failed to engage in an interactive process to determine if accommodation could be made without undue burden or hardship.

67.     Defendants discriminated against Mr. Hoogs on the basis of his disability and/or perceived disability.

68.     Defendants terminated Mr. Hoogs' employment as a result of his disability and/or perceived disability.

69.     Defendants' actions against Mr. Hoogs were pretext for discrimination, retaliation, and interference and were against public policy.

70.     Defendants acted willfully and maliciously or with reckless indifference to Mr. Hoogs' rights.

9

71.     As a direct and proximate result of Defendants' unlawful acts, Mr. Hoogs has lost income and other benefits of employment; suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, damage to his reputation, emotional distress, undue stress and anxiety, exacerbation of his medical conditions and loss of enjoyment of life; and incurred attorney's fees and expenses.

72.     As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

73.     Mr. Hoogs will amend his Complaint to include claims under the ADA for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

### V.     Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** Mr. Hoogs prays for the following relief:

1.     That proper process issue and be served upon Waffle House and Mid South Waffles and that they be required to appear and answer this Complaint within the time required by law;

2.     That this case be tried to a jury of six;

3.     Enter a judgment in favor of Plaintiff and against Defendants on all counts in this action;

4.     That Plaintiff be awarded a declaratory judgment that Defendants violated the aforementioned laws identified in this Complaint;

5.     That this Court enter a permanent injunction prohibiting Defendants from engaging in unlawful employment practices;

10

6.   That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

7.   That the Court award Plaintiff compensatory and punitive damages in an amount to be determined by the trier of fact;

8.   That the Court award Plaintiff punitive and liquidated damages;

9.   That the Court award Plaintiff his reasonable attorneys' fees, expenses, and costs;

10.  That the Court award Plaintiff prejudgment and post-judgment interest;

11.  That all costs of this cause be taxed to Defendants; and

12.  That the Court award such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**MERIDIAN LAW**
P L L C

By: _____
Thomas W. Shumate IV (#019595)
Robert D. Martin (#034338)
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
615-229-7499 (office)
615-229-7498 (fax)
tom.shumate@meridian.law
*Attorneys for Plaintiff Brian Hoogs*

11

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

☐ First
☒ Alias
☐ Pluries

Brian Hoogs

_____

_____

Plaintiff

**Vs.**

Waffle House, Inc.

Corporation Service Company, Registered Agent

2908 Poston Ave

Nashville, TN 37203

Defendant

CIVIL ACTION
DOCKET NO. 16C3101

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☒ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _12/22/16_

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _CR Thomas_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Thomas W. Shumate, IV; Meridian Law, PLLC |
|---|---|
| | 2002 Richard Jones Road, Suite B-200 |
| | Address |
| | Nashville, TN 37215 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____

SHERIFF

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____, _____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

### NOTICE

**TO THE DEFENDANT(S):**

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if
copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _R. Thomas_ _____ D.C.

Copy 029773

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

**BRIAN HOOGS**                2016 NOV 28 PM 3: 24

    **Plaintiff,**                RICHARD R. ROOKER, CLERK

                         Case No.  16C3101

**vs.**

                       )
                       )    **JURY DEMAND**

**WAFFLE HOUSE, INC.**        )
**and MID SOUTH WAFFLES, INC.**    )
                       )

    **Defendant.**           )

---

## COMPLAINT

---

    Comes now the Plaintiff, Brian Hoogs, by and through counsel, and states the following causes of action against the Defendants, Mid South Waffles, Inc. and Waffle House, Inc.:

### I.    Parties

1.    Plaintiff, **Brian Hoogs** ("Ms. Hoogs") is a citizen and resident of Davidson County, Tennessee.

2.    Defendant, **Waffle House, Inc.** ("Waffle House"), is a Georgia corporation registered to do business in Tennessee. Waffle House may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

3.    Defendant, **Mid South Waffles, Inc.** ("Mid South Waffles"), is a Georgia corporation registered to do business in Tennessee. Mid South Waffles is a subsidiary of Waffle House and may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

1



## II.    Jurisdiction and Venue

4.    This Court has subject matter jurisdiction over this dispute pursuant to Tenn. Code Ann. § 16-10-113, *et seq*.

5.    This Court has personal jurisdiction over Defendants. *See* Tenn. Code Ann. § 20-2-202.

6.    This Court is the proper venue to hear this dispute. All or substantially all of the events or omissions giving rise to Mr. Hoogs' claims occurred in Davidson County, Tennessee. *See* Tenn. Code Ann. § 20-4-101.

7.    This is an action for declaratory relief, injunctive relief, equitable relief, and damages for unlawful employment practices under the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (included upon administrative exhaustion); Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401; the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon administrative exhaustion); the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103; and Tennessee common law. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission to vindicate rights pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008. Plaintiff incorporates by reference, with the intent to later amend upon receipt of his Notice of Suit Rights, to include federal claims under Title VII and the ADA, as those claims are related to the same case and controversy.

2

Copy

## III. Facts

8.      From approximately August 2013 to January 14, 2016, Mr. Hoogs was an employee of Mid South Waffles and Waffle House. Prior to December 3, 2015, Mr. Hoogs was a Division Manager.

9.      As a Division Manager, Mr. Hoogs was entitled to valuable stock options and benefits.

10.     As a Division Manager, Mr. Hoogs was entitled to periodic performance bonuses.

11.     Waffle House has more than 500 employees.

12.     Mid South Waffles has more than 500 employees.

13.     During his time as a Division Manager, Mr. Hoogs' immediate supervisor was Sam Byrd ("Mr. Byrd").

14.     Throughout his employment with Mid South Waffles and Waffle House, Mr. Hoogs was an exemplary manager who received no discipline for his performance.

15.     Prior to November 23, 2015, Mr. Hoogs witnessed Mr. Byrd make sexually and racially discriminatory statements towards several Waffle House and Mid South Waffles employees. These remarks created a hostile work environment for Mr. Hoogs and other employees.

16.     On November 23, 2015, Mr. Hoogs reported Mr. Byrd's sexually and racially discriminatory statements and other matters that created a hostile work environment to Waffle House and Mid South Waffles' Senior Vice President, Joe Rogers ("Mr. Rogers").

3

Copy

17.    On November 27, 2015, Mr. Hoogs reported additional sexually and racially discriminatory and harassing statements by Mr. Byrd to Mr. Rogers, as well as other matters that created a hostile work environment.

18.    Six days later, on December 3, 2015, Mr. Hoogs was demoted from Division Manager to District Manager, resulting in a significant reduction in compensation and benefits.

19.    Despite this demotion, Mr. Hoogs continued to perform his job responsibilities exceptionally, receiving no discipline.

20.    In December 2015, Mr. Hoogs was demoted again without explanation to Store Manager, resulting in another significant reduction in compensation and benefits.

21.    One month after his initial demotion, in January, 2016, Mr. Hoogs' employment was terminated without explanation by Mid South Waffles and Waffle House.

22.    Mr. Hoogs' two demotions and subsequent termination were the result of his reporting of Mr. Byrd's sexually and racially discriminatory and harassing remarks.

23.    As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## IV.    Claims

### A.    Violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304

24.    Mr. Hoogs incorporates by reference paragraphs 1-23 of his Complaint as if restated herein.

25.    Mr. Hoogs was an employee of Waffle House and Mid South Waffles.

4

Copy

26.     Hostile work environment sexual and racial harassment is prohibited by Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2.

27.     Hostile work environment sexual and racial harassment is prohibited by the Tennessee Human Rights Act. Tenn. Code Ann. § 4-21-401

28.     Mr. Hoogs refused to stay silent about the illegal sexual and racial harassment he witnessed being performed by Mr. Byrd.

29.     Mr. Hoogs twice reported the illegal harassment to Mr. Byrd's supervisor, Mr. Rogers.

30.     Because Mr. Hoogs reported the illegal harassment to Mr. Rogers, his employment was terminated.

31.     Reporting illegal sexual and racial harassment in no way served Mr. Hoogs' interest. He reported the abuse in the interest of protecting the well-being of the employees under his responsibility.

32.     Reporting illegal sexual and racial harassment serves the public interest of Tennessee.

33.     As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

34.     As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

5

Copy

**B.     Retaliation in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. §
2000e *et seq.* (included upon exhaustion) and the Tennessee Human Rights Act,
Tenn. Code Ann. § 4-21-401**

35.     Mr. Hoogs incorporates by reference paragraphs 1-34 of his Complaint as if restated herein.

36.     Waffle House has more than five hundred (500) employees.

37.     Mid South Waffles has more than five hundred (500) employees.

38.     Mr. Hoogs was qualified for his position.

39.     Mr. Hoogs performed his duties diligently and received no reprimands for his performance during his employment.

40.     Mr. Hoogs engaged in protected activity by complaining about acts in violation of the Tennessee Human Rights Act (and Title VII upon administrative exhaustion), including ongoing racial discrimination and sexual harassment.

41.     In retaliation for Mr. Hoogs' protected activities, he was subjected to immediate hostility, multiple demotions within days of complaining, and his employment was ultimately terminated.

42.     Mr. Hoogs' two demotions and ultimate termination was based entirely on his legally protected reporting of racial and sexual harassment by Mr. Byrd.

43.     Through their actions, Defendants deprived Mr. Hoogs of equal employment opportunities and benefits due to him due to his willingness to oppose such practices.

44.     Defendants' actions in demoting and terminating Mr. Hoogs and causing him to suffer through a hostile work environment were committed with reckless disregard for his right to

6

be free from retaliation because of his opposition to unlawful practices in violation of the Tennessee Human Rights Act (and Title VII upon administrative exhaustion).

45. Mr. Hoogs filed an unlawful retaliation charge with the Equal Employment Opportunity Commission on September 22, 2016.

46. As a direct and proximate result of the Defendants' unlawful acts, including Defendants' discriminatory and harassing conduct and its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits. He is entitled to all damages allowable under the Tennessee Human Rights Act, including attorneys' fees.

47. Mr. Hoogs will amend his Complaint to include claims under Title VII for retaliation upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

C. **Discrimination in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (included upon exhaustion) and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301 and -401**

48. Mr. Hoogs incorporates by reference paragraphs 1-47 of his complaint as if restated herein.

49. Waffle House has more than five hundred (500) employees.

50. Mid South Waffles has more than five hundred (500) employees.

51. Mr. Hoogs is an Asian-American.

52. Mr. Hoogs' was the subject of unwelcome verbal conduct by Mr. Byrd involving Mr. Hoogs' status as an Asian-American.

7

53. The harassing statements made by Mr. Byrd unreasonably interfered with Mr. Hoogs' work environment and created an intimidating, hostile, and offensive work environment.

54. Mr. Hoogs provided notice of this conduct to Waffle House and Mid South Waffles through their Vice President, Mr. Rogers.

55. Waffle House and Mid South Waffles did nothing to address the intimidating, hostile, and offensive work environment in response to Mr. Hoogs' legally protected notice.

56. Mr. Hoogs filed a racial harassment charge with the Equal Employment Opportunity Commission on September 22, 2016.

57. As a direct and proximate result of the Defendants' unlawful discrimination on the basis of his race and national origin, as well as its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

58. Mr. Hoogs will amend his Complaint to include claims under Title VII for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

**D. Discrimination in Violation of the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon exhaustion) and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103**

59. Mr. Hoogs incorporates by reference paragraphs 1-58 of his complaint as if restated herein.

60. Mr. Hoogs is a qualified individual with a disability and/or perceived as an individual with a disability. Mr. Hoogs was hired by Defendants on or around August 2013.

8

Copy

61.     Mr. Hoogs was afflicted with health issues, including depression, anxiety, and attention deficit disorder ("ADD"), throughout his employment by Defendants. Mr. Hoogs sought medical treatment for those issues.

62.     Mr. Hoogs made his health conditions and impairments known to Defendants during his employment.

63.     Mr. Hoogs was able to perform the essential functions of his job with or without reasonable accommodation.

64.     Mr. Hoogs requested accommodation from Defendants shortly before his termination.

65.     Defendants refused the requested accommodation and instead further demoted Mr. Hoogs and eventually terminated his employment.

66.     Defendants failed to engage in an interactive process to determine if accommodation could be made without undue burden or hardship.

67.     Defendants discriminated against Mr. Hoogs on the basis of his disability and/or perceived disability.

68.     Defendants terminated Mr. Hoogs' employment as a result of his disability and/or perceived disability.

69.     Defendants' actions against Mr. Hoogs were pretext for discrimination, retaliation, and interference and were against public policy.

70.     Defendants acted willfully and maliciously or with reckless indifference to Mr. Hoogs' rights.

9

71.     As a direct and proximate result of Defendants' unlawful acts, Mr. Hoogs has lost income and other benefits of employment; suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, damage to his reputation, emotional distress, undue stress and anxiety, exacerbation of his medical conditions and loss of enjoyment of life; and incurred attorney's fees and expenses.

72.     As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

73.     Mr. Hoogs will amend his Complaint to include claims under the ADA for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

### V.     Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** Mr. Hoogs prays for the following relief:

1.     That proper process issue and be served upon Waffle House and Mid South Waffles and that they be required to appear and answer this Complaint within the time required by law;

2.     That this case be tried to a jury of six;

3.     Enter a judgment in favor of Plaintiff and against Defendants on all counts in this action;

4.     That Plaintiff be awarded a declaratory judgment that Defendants violated the aforementioned laws identified in this Complaint;

5.     That this Court enter a permanent injunction prohibiting Defendants from engaging in unlawful employment practices;

10

6. That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

7. That the Court award Plaintiff compensatory and punitive damages in an amount to be determined by the trier of fact;

8. That the Court award Plaintiff punitive and liquidated damages;

9. That the Court award Plaintiff his reasonable attorneys' fees, expenses, and costs;

10. That the Court award Plaintiff prejudgment and post-judgment interest;

11. That all costs of this cause be taxed to Defendants; and

12. That the Court award such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**MERIDIAN LAW**
— P L L C —

By: _____
Thomas W. Shumate IV (#019595)
Robert D. Martin (#034338)
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
615-229-7499 (office)
615-229-7498 (fax)
tom.shumate@meridian.law
*Attorneys for Plaintiff Brian Hoogs*

11

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

☐ First
☒ Alias
☐ Pluries

Brian Hoogs

_____

_____

_____
                                              Plaintiff

**Vs.**

Mid South Waffles, Inc.

Corporation Service Company, Registered Agent

2908 Poston Ave

Nashville, TN 37203
                                              Defendant

CIVIL ACTION
DOCKET NO.  16C3101

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☒ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: _12/22/16_

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** _CP Thomas_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Thomas W. Shumate, IV; Meridian Law, PLLC |
|---|---|
| | 2002 Richard Jones Road, Suite B-200 |
| | Address |
| | Nashville, TN 37215 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____ 20____

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

| | served this summons and complaint/petition on _____

_____ in the following manner:

| | failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____, 20 _____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20 _____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.


SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

_____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

## NOTICE

**TO THE DEFENDANT(S):**

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if
copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____ D.C.

Copy 029173

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

**BRIAN HOOGS**

      **Plaintiff,**

**vs.**

**WAFFLE HOUSE, INC.**
**and MID SOUTH WAFFLES, INC.**

      **Defendant.**

2016 NOV 28 PM 3:24

RICHARD R. ROOKER, CLERK

Case No. 16C3101

**JURY DEMAND**

---

## COMPLAINT

---

Comes now the Plaintiff, Brian Hoogs, by and through counsel, and states the following causes of action against the Defendants, Mid South Waffles, Inc. and Waffle House, Inc.:

### I.    Parties

1.    Plaintiff, **Brian Hoogs** ("Ms. Hoogs") is a citizen and resident of Davidson County, Tennessee.

2.    Defendant, **Waffle House, Inc.** ("Waffle House"), is a Georgia corporation registered to do business in Tennessee. Waffle House may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

3.    Defendant, **Mid South Waffles, Inc.** ("Mid South Waffles"), is a Georgia corporation registered to do business in Tennessee. Mid South Waffles is a subsidiary of Waffle House and may be served on its registered agent, Corporation Service Company, located at 2908 Poston Ave, Nashville, Davidson County, Tennessee 37203.

1



## II. Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this dispute pursuant to Tenn. Code Ann. § 16-10-113, *et seq.*

5. This Court has personal jurisdiction over Defendants. *See* Tenn. Code Ann. § 20-2-202.

6. This Court is the proper venue to hear this dispute. All or substantially all of the events or omissions giving rise to Mr. Hoogs' claims occurred in Davidson County, Tennessee. *See* Tenn. Code Ann. § 20-4-101.

7. This is an action for declaratory relief, injunctive relief, equitable relief, and damages for unlawful employment practices under the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (included upon administrative exhaustion); Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401; the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon administrative exhaustion); the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103; and Tennessee common law. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission to vindicate rights pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008. Plaintiff incorporates by reference, with the intent to later amend upon receipt of his Notice of Suit Rights, to include federal claims under Title VII and the ADA, as those claims are related to the same case and controversy.

2



### III.    Facts

8.    From approximately August 2013 to January 14, 2016, Mr. Hoogs was an employee of Mid South Waffles and Waffle House. Prior to December 3, 2015, Mr. Hoogs was a Division Manager.

9.    As a Division Manager, Mr. Hoogs was entitled to valuable stock options and benefits.

10.    As a Division Manager, Mr. Hoogs was entitled to periodic performance bonuses.

11.    Waffle House has more than 500 employees.

12.    Mid South Waffles has more than 500 employees.

13.    During his time as a Division Manager, Mr. Hoogs' immediate supervisor was Sam Byrd ("Mr. Byrd").

14.    Throughout his employment with Mid South Waffles and Waffle House, Mr. Hoogs was an exemplary manager who received no discipline for his performance.

15.    Prior to November 23, 2015, Mr. Hoogs witnessed Mr. Byrd make sexually and racially discriminatory statements towards several Waffle House and Mid South Waffles employees. These remarks created a hostile work environment for Mr. Hoogs and other employees.

16.    On November 23, 2015, Mr. Hoogs reported Mr. Byrd's sexually and racially discriminatory statements and other matters that created a hostile work environment to Waffle House and Mid South Waffles' Senior Vice President, Joe Rogers ("Mr. Rogers").

3

Copy

17.   On November 27, 2015, Mr. Hoogs reported additional sexually and racially discriminatory and harassing statements by Mr. Byrd to Mr. Rogers, as well as other matters that created a hostile work environment.

18.   Six days later, on December 3, 2015, Mr. Hoogs was demoted from Division Manager to District Manager, resulting in a significant reduction in compensation and benefits.

19.   Despite this demotion, Mr. Hoogs continued to perform his job responsibilities exceptionally, receiving no discipline.

20.   In December 2015, Mr. Hoogs was demoted again without explanation to Store Manager, resulting in another significant reduction in compensation and benefits.

21.   One month after his initial demotion, in January, 2016, Mr. Hoogs' employment was terminated without explanation by Mid South Waffles and Waffle House.

22.   Mr. Hoogs' two demotions and subsequent termination were the result of his reporting of Mr. Byrd's sexually and racially discriminatory and harassing remarks.

23.   As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## IV.    Claims

### A.    Violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304

24.   Mr. Hoogs incorporates by reference paragraphs 1-23 of his Complaint as if restated herein.

25.   Mr. Hoogs was an employee of Waffle House and Mid South Waffles.

4

26.     Hostile work environment sexual and racial harassment is prohibited by Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2.

27.     Hostile work environment sexual and racial harassment is prohibited by the Tennessee Human Rights Act. Tenn. Code Ann. § 4-21-401

28.     Mr. Hoogs refused to stay silent about the illegal sexual and racial harassment he witnessed being performed by Mr. Byrd.

29.     Mr. Hoogs twice reported the illegal harassment to Mr. Byrd's supervisor, Mr. Rogers.

30.     Because Mr. Hoogs reported the illegal harassment to Mr. Rogers, his employment was terminated.

31.     Reporting illegal sexual and racial harassment in no way served Mr. Hoogs' interest. He reported the abuse in the interest of protecting the well-being of the employees under his responsibility.

32.     Reporting illegal sexual and racial harassment serves the public interest of Tennessee.

33.     As a direct and proximate result of the Defendants' unlawful acts, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

34.     As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

5



**B.** **Retaliation in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. §
2000e *et seq.* (included upon exhaustion) and the Tennessee Human Rights Act,
Tenn. Code Ann. § 4-21-401**

35.     Mr. Hoogs incorporates by reference paragraphs 1-34 of his Complaint as if restated

herein.

36.     Waffle House has more than five hundred (500) employees.

37.     Mid South Waffles has more than five hundred (500) employees.

38.     Mr. Hoogs was qualified for his position.

39.     Mr. Hoogs performed his duties diligently and received no reprimands for his

performance during his employment.

40.     Mr. Hoogs engaged in protected activity by complaining about acts in violation of

the Tennessee Human Rights Act (and Title VII upon administrative exhaustion), including

ongoing racial discrimination and sexual harassment.

41.     In retaliation for Mr. Hoogs' protected activities, he was subjected to immediate

hostility, multiple demotions within days of complaining, and his employment was ultimately

terminated.

42.     Mr. Hoogs' two demotions and ultimate termination was based entirely on his

legally protected reporting of racial and sexual harassment by Mr. Byrd.

43.     Through their actions, Defendants deprived Mr. Hoogs of equal employment

opportunities and benefits due to him due to his willingness to oppose such practices.

44.     Defendants' actions in demoting and terminating Mr. Hoogs and causing him to

suffer through a hostile work environment were committed with reckless disregard for his right to

6

be free from retaliation because of his opposition to unlawful practices in violation of the Tennessee Human Rights Act (and Title VII upon administrative exhaustion).

45.     Mr. Hoogs filed an unlawful retaliation charge with the Equal Employment Opportunity Commission on September 22, 2016.

46.     As a direct and proximate result of the Defendants' unlawful acts, including Defendants' discriminatory and harassing conduct and its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits. He is entitled to all damages allowable under the Tennessee Human Rights Act, including attorneys' fees.

47.     Mr. Hoogs will amend his Complaint to include claims under Title VII for retaliation upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

**C.     Discrimination in Violation of the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (included upon exhaustion) and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301 and -401**

48.     Mr. Hoogs incorporates by reference paragraphs 1-47 of his complaint as if restated herein.

49.     Waffle House has more than five hundred (500) employees.

50.     Mid South Waffles has more than five hundred (500) employees.

51.     Mr. Hoogs is an Asian-American.

52.     Mr. Hoogs' was the subject of unwelcome verbal conduct by Mr. Byrd involving Mr. Hoogs' status as an Asian-American.

7

53. The harassing statements made by Mr. Byrd unreasonably interfered with Mr. Hoogs' work environment and created an intimidating, hostile, and offensive work environment.

54. Mr. Hoogs provided notice of this conduct to Waffle House and Mid South Waffles through their Vice President, Mr. Rogers.

55. Waffle House and Mid South Waffles did nothing to address the intimidating, hostile, and offensive work environment in response to Mr. Hoogs' legally protected notice.

56. Mr. Hoogs filed a racial harassment charge with the Equal Employment Opportunity Commission on September 22, 2016.

57. As a direct and proximate result of the Defendants' unlawful discrimination on the basis of his race and national origin, as well as its creation of a hostile work environment, Mr. Hoogs suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

58. Mr. Hoogs will amend his Complaint to include claims under Title VII for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

**D.  Discrimination in Violation of the American's with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (included upon exhaustion) and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103**

59. Mr. Hoogs incorporates by reference paragraphs 1-58 of his complaint as if restated herein.

60. Mr. Hoogs is a qualified individual with a disability and/or perceived as an individual with a disability. Mr. Hoogs was hired by Defendants on or around August 2013.

8

Copy

61.     Mr. Hoogs was afflicted with health issues, including depression, anxiety, and attention deficit disorder ("ADD"), throughout his employment by Defendants. Mr. Hoogs sought medical treatment for those issues.

62.     Mr. Hoogs made his health conditions and impairments known to Defendants during his employment.

63.     Mr. Hoogs was able to perform the essential functions of his job with or without reasonable accommodation.

64.     Mr. Hoogs requested accommodation from Defendants shortly before his termination.

65.     Defendants refused the requested accommodation and instead further demoted Mr. Hoogs and eventually terminated his employment.

66.     Defendants failed to engage in an interactive process to determine if accommodation could be made without undue burden or hardship.

67.     Defendants discriminated against Mr. Hoogs on the basis of his disability and/or perceived disability.

68.     Defendants terminated Mr. Hoogs' employment as a result of his disability and/or perceived disability.

69.     Defendants' actions against Mr. Hoogs were pretext for discrimination, retaliation, and interference and were against public policy.

70.     Defendants acted willfully and maliciously or with reckless indifference to Mr. Hoogs' rights.

9

71.     As a direct and proximate result of Defendants' unlawful acts, Mr. Hoogs has lost income and other benefits of employment; suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, damage to his reputation, emotional distress, undue stress and anxiety, exacerbation of his medical conditions and loss of enjoyment of life; and incurred attorney's fees and expenses.

72.     As a result, Mr. Hoogs is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

73.     Mr. Hoogs will amend his Complaint to include claims under the ADA for discrimination upon administrative exhaustion and the issuance of the Notices of Rights to Sue.

## V.     Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** Mr. Hoogs prays for the following relief:

1.     That proper process issue and be served upon Waffle House and Mid South Waffles and that they be required to appear and answer this Complaint within the time required by law;

2.     That this case be tried to a jury of six;

3.     Enter a judgment in favor of Plaintiff and against Defendants on all counts in this action;

4.     That Plaintiff be awarded a declaratory judgment that Defendants violated the aforementioned laws identified in this Complaint;

5.     That this Court enter a permanent injunction prohibiting Defendants from engaging in unlawful employment practices;

10

Copy

6.    That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

7.    That the Court award Plaintiff compensatory and punitive damages in an amount to be determined by the trier of fact;

8.    That the Court award Plaintiff punitive and liquidated damages;

9.    That the Court award Plaintiff his reasonable attorneys' fees, expenses, and costs;

10.   That the Court award Plaintiff prejudgment and post-judgment interest;

11.   That all costs of this cause be taxed to Defendants; and

12.   That the Court award such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**MERIDIAN LAW**
PLLC

By: _____
Thomas W. Shumate IV (#019595)
Robert D. Martin (#034338)
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
615-229-7499 (office)
615-229-7498 (fax)
tom.shumate@meridian.law
*Attorneys for Plaintiff Brian Hoogs*

11